## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SAMUEL MOORE,
   *Plaintiff*,

   v.                                          No. 3:22-cv-1360 (VAB)

RYAN PARSONS, et. al.,
   *Defendants.*

### INITIAL REVIEW ORDER

Samuel Moore ("Plaintiff"), has filed a Complaint *pro se* under 42 U.S.C. § 1983 against Sergeant Ryan Parsons ("Sergeant Parsons") and thirteen additional state law enforcement and probation officers. The Complaint pertains to an alleged incident in which Sergeant Parsons fired an assault rifle at Plaintiff's car to effectuate an arrest.

For the reasons set forth below, the Complaint is **DISMISSED** in part.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In March of 2020, Plaintiff was serving a suspended sentence for a criminal conviction and residing at a friend's residence in the town of Cromwell, Connecticut. *See* Compl. ¶ 1, ECF No. 1 (DATE) ("Compl."). On March 16, 2020, Plaintiff's probation officer, Officer Thody, allegedly received an anonymous tip that there were three firearms located within the residence at which Plaintiff was staying. *Id.* ¶¶ 3-4. On March 17, 2020, Officer Thody allegedly called Plaintiff to let him know that he would be visiting his residence later that day. *Id.* ¶ 9.

Before Officer Thody's scheduled visit, Plaintiff alleges that the defendants (all law enforcement and probation officers) held a meeting to plan for "a lethal encounter with the Plaintiff." *Id.* ¶ 11. At this meeting, Officer Thody allegedly informed the other defendants about

the anonymous tip that he had received. *Id.* ¶ 12. After the defendants collectively decided to arrest Plaintiff, Officer Thody allegedly informed the group that Plaintiff was a violent individual who "hates police officers" and would "never go in handcuffs again." *Id.* ¶ 15.

When Officer Thody allegedly arrived to visit Plaintiff's residence, a fellow probation officer and a law enforcement officer allegedly accompanied him. *Id.* ¶ 17. Plaintiff allegedly initially greeted the officers outside wearing a pair of boxer shorts. *Id.* Because one of the officers was female, Plaintiff allegedly excused himself back inside his residence so that he could properly dress and allegedly stated to the defendants "I'll be right back out.". *Id.* ¶ 18. When Plaintiff allegedly returned outside fully clothed, two minutes later, the officers allegedly were gone. *Id.* ¶ 19.

After allegedly attempting to call Officer Thody on his cell phone, Plaintiff allegedly got into his car for a drive. *Id.* ¶¶ 20–21. As Plaintiff started his car, he allegedly did not perceive any officers ordering him to stop. *Id.* ¶ 21. Plaintiff, thereafter, allegedly proceeded to drive down his residential street at 25 miles per hour. *Id.* ¶ 22.

Not long into his drive, Plaintiff allegedly reached an intersection blocked by a police car. *Id.* ¶ 23. As Plaintiff allegedly approached this intersection, Sergeant Parsons allegedly ran into the street and pointed an assault rifle at Plaintiff's car. *Id.* ¶ 24. Plaintiff allegedly swerved his car into a residential lawn to avoid hitting Sergeant Parsons. *Id.* ¶ 26. Sergeant Parsons then allegedly fired his rifle at Plaintiff's car, hitting the driver's side of the vehicle but missing Plaintiff. *Id.* ¶ 27. Sergeant Parsons allegedly fired additional shots that did not hit Plaintiff's vehicle. *Id.* ¶ 28.  Plaintiff thereafter allegedly lost control of his car and crashed. *Id.* ¶ 29.

Following his alleged car accident, the officers allegedly arrested Plaintiff and charged him with multiple felonies. *Id.* ¶ 32. Plaintiff asserts that these charges were brought on the basis of false police reports that he was fleeing arrest at speeds of 80 to 100 miles per hour. *Id.* ¶¶ 31-32.[1]

The Complaint does not specifically allege which of the fourteen defendants filed false reports. *Id.* Nor does it indicate how Plaintiff's criminal charges were ultimately resolved. *Id.* As a result of events that occurred on March 17, 2020, Plaintiff allegedly has suffered physical and emotional injuries. *Id.* ¶ 36.

The Complaint brings three sets of claims against the Defendants. *Id.* ¶¶ 37-39. First, Plaintiff alleges that Sergeant Parsons violated his Fourth Amendment rights and committed the state law torts of state created danger, negligence, and intentional infliction of emotional distress by firing an assault rifle at him without provocation. *Id.* ¶ 38. Second, Plaintiff brings claims against all of the Defendants for their alleged fabrication of evidence. *Id.* ¶ 39. Third, Plaintiff brings a § 1983 conspiracy claim against all of the Defendants. *Id.* ¶ 40.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see*

---

[1] In an investigation report prepared at the request of Plaintiff's criminal defense attorney, it is noted that a witness informed police that Plaintiff was driving his car 80 to 100 miles per hour. Compl. at 15. According to the report, another eyewitness estimated that Plaintiff was driving "more like 50-60 miles per hour, not 80." *Id.*

*also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and

4

unlikely." *Id.* at 556 (internal quotation marks omitted). Further, complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.   DISCUSSION

### A.  The Claims Against Sergeant Parsons

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of federally or constitutionally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) ("Section 1983. . . creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States.") (citation and quotation marks omitted).

Here, Plaintiff alleges that Sergeant Parsons fired an assault rifle at him, without provocation, to effectuate his arrest. This conduct, if proven, could constitute excessive force within the meaning of the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.")

Accordingly, the Court will permit Plaintiff to proceed with Fourth Amendment excessive force claims against Sergeant Parsons. The Court will also permit Plaintiff's related

state law tort claims (negligence and intentional infliction of emotional distress) to proceed for further development of the record.

Plaintiff also brings a state created danger claim against Sergeant Parsons. ECF No. 1 at 11, ¶ 37. Although Plaintiff purports this claim to be rooted in state law, the Court construes it as a § 1983 claim asserting a violation of Plaintiff's due process rights. *See Pena v. Deprisco*, 432 F.3d 98, 107-08 (2d Cir. 2005). Applying the state created danger doctrine, a government official may be held constitutionally liable for his or her failure to protect a plaintiff from harm caused by a private actor. *See Brown v. City of New York*, 786 Fed. App'x 289, 292 (2019). Because Plaintiff alleges that Sergeant Parsons directly harmed him, the state created danger doctrine is inapplicable to the facts of this case.

Accordingly, the Court dismisses Plaintiff's state created danger claim. *See* 28 U.S.C. § 1915A.

**B.  The Fabrication of Evidence Claim**

Plaintiff brings § 1983 and state law tort claims against all of the Defendants on the theory that they "deliberately fabricated evidence" to support the filing of criminal charges against him. Compl. ¶ 39. In support of these claims, Plaintiff alleges that unspecified Defendants "falsely reported that [he] was 'fleeing' in his vehicle at speeds of up to 80-100 mph and attempted to hit Parsons with his vehicle." *Id.* ¶ 31.

Plaintiff cannot hold the Defendants collectively and vicariously liable for an individual Defendant's tortious conduct. *See Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought

under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation.").

Accordingly, because Plaintiff has not specified which of the fourteen Defendants filed false reports against him, the Court dismisses all claims pertaining to alleged fabrication of evidence. *See* 28 U.S.C. § 1915A.

### C.  The Section 1983 Conspiracy Claims

For his final set of claims, Plaintiff asserts that the Defendants conspired to violate his constitutional rights. Compl. ¶ 40. "While conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence [a] plaintiff must still allege facts beyond conclusory, vague, or general allegations to assert the existence of an agreement to inflict constitutional injury." *Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 293 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

Accordingly, because Plaintiff does not allege specific facts within his personal knowledge to support his allegation of a conspiracy, the Court dismisses his § 1983 conspiracy claims. *See* 28 U.S.C. § 1915A.

### ORDERS

The Court enters the following orders:

(1)      Plaintiff may **PROCEED** with a Fourth Amendment excessive force claim against Sergeant Parsons. Plaintiff may also **PROCEED** with state law negligence and intentional infliction of emotional distress claims against Sergeant Parsons. All other claims brought in the Complaint are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2)      The Clerk of Court is directed to **TERMINATE** all Defendants other than Sergeant Parsons as parties to this action.

(3)      If Plaintiff believes there are additional facts he can allege that will overcome any of the deficiencies identified in this ruling, then he may file a proposed Amended Complaint by **June 30, 2023**.

(4)      By **June 16, 2023**, the Clerk of Court shall verify the current work addresses of: Cromwell Police Sergeant Ryan Parsons and mail a copy of the Complaint, this Order, and a waiver of service of process request packet to each defendant in his individual capacity at his confirmed address. By **June 30, 2023**, the Clerk of Court shall report to the Court on the status of each request. If Sergeant Parsons fails to return the waiver request, the Clerk of Court shall make arrangements for in-person service by the U.S. Marshals Service, and he shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5)      Sergeant Parsons shall file his response to the Complaint, either an Answer or motion to dismiss, by **September 1, 2023**. If Sergeant Parsons chooses to file an Answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(6)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **February 2, 2024**. Discovery requests need not be filed with the Court.

(7)      All motions for summary judgment shall be filed by **March 8, 2024**.

(8)      If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) 2 provides that Plaintiff MUST notify the Court. Failure to do so can result in the

dismissal of the case. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. Plaintiff should also notify Defendant or the attorney for Defendant of his new address.

(9)     The Clerk of Court shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy of the Standing Order to the parties.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of May, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

9